**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| IN RE: | **NEPHTALI FERRA OTERO** | BK. CASE # |
|---|---|---|
| | DEBTOR(S) | CHAPTER 13 |

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims. Any party entitled to receive disbursements from the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan.** • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
   ■ directly ☐ by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
☐ 3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

**PLAN DATED:** October 12, 2011      ☐ **AMENDED PLAN DATED:** _____
■ PRE ☐ POST-CONFIRMATION           FILED BY ■ DEBTOR ☐ TRUSTEE ☐ UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| $ | 350.00 | x | 60 | = $ | 21,000.00 |
| $ | 0.00 | x | 0 | = $ | 0.00 |
| $ | 0.00 | x | 0 | = $ | 0.00 |
| $ | | x | | = $ | |
| $ | | x | | = $ | |
| | TOTAL = | | 60 | $ | 21,000.00 |

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from _____
☐ Sale of property identified as follows: _____

☐ Other: _____

Periodic Payments to be made other than and in addition to the above.
$ _____ x _____ = $ _____
To be made on: _____

**PROPOSED PLAN BASE:** $ 21,000.00

### II. ATTORNEY'S FEES
To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

| a. Rule 2016(b) Statement: | $ | 3,000.00 | |
| b. Fees Paid (Pre-Petition): | ($ | 0.00 | ) |
| c. R 2016 Outstanding balance: | ($ | 3,000.00 | ) |
| d. Post Petition Additional Fees: | $ | 0.00 | |
| e. Total Compensation: | $ | 3,000.00 | |

Signed: **/s/ NEPHTALI FERRA OTERO**
DEBTOR

_____
JOINT DEBTOR

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:**
■ Debtor represents that there are no secured claims.
☐ Secured creditors will retain their liens and shall be paid as follows:
☐ **ADEQUATE PROTECTION** Payments: Cr. _____ $ 0.00
☐ Trustee will pay secured **ARREARS**:
Cr. _____ Cr. _____ Cr. _____
Acct. _____ Acct. _____ Acct. _____
$ _____ $ _____ $ _____

☐ Trustee will pay REGULAR MONTHLY PAYMENTS:
(please refer to the above related notice, for important information about this provision)
Cr. _____ Cr. _____ Cr. _____
Acct. _____ Acct. _____ Acct. _____
Monthly Pymt.$ _____ Monthly Pymt.$ _____ Monthly Pymt.$ _____

☐ Trustee will pay **IN FULL** Secured Claims:
Cr. _____ Cr. _____ Cr. _____
$ _____ $ _____ $ _____

☐ Trustee will pay **VALUE OF COLLATERAL**:
Cr. _____ Cr. _____ Cr. _____
$. _____ $. _____ $. _____

☐ Secured Creditor's interest will be insured. **INSURANCE POLICY** will be paid through plan:
Cr. _____ Ins. Co. _____ Premium: $ _____
**(Please indicate in "Other Provisions" the insurance coverage period)**

☐ Debtor SURRENDERS COLLATERAL TO Lien Holder: _____
☐ Debtor will maintain REGULAR PAYMENTS DIRECTLY to: _____

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
■ **ASUME, ASUME**

**C. UNSECURED PREFERRED:** Plan ☐ Classifies ■ Does not Classify claims
☐ Class A: ☐ Co-debtor Claims: ☐ Pay 100%/☐ "Pay Ahead"
☐ Class B: ☐ Other Class:
☐ Cr. _____ ☐ Cr. _____ ☐ Cr. _____
$ _____ $ _____ $ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ 0.00 )
☐ Will be paid 100% plus ___ % Legal Interest. ■ Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**

ATTORNEY FOR DEBTOR: **/s/ JUAN O. CALDERON-LITHGOW**      Phone: **(787) 858-5476**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy